TODD & LACY vs. HARDY et al.

1. The endorser of a written instrument, is a good witness, in an action between the endorsee and maker; where suit is not brought against the maker, at the first court after the assignment.

Error to Morgan Circuit court.

Covenant, tried before Lane, J.

The action in the court below, was covenant, on a sealed writing for the delivery of cotton, made by the plaintiffs in this court, to one Daniel Ballew, on the fifth of January, eighteen hundred and thirty, by which they obliged themselves, twenty days after date, to pay him five thousand pounds of seed cotton, and on failure thereof, two dollars per hundred weight. On the first May, eighteen hundred and thirty-one, the bond was assigned to the defendants in error, by Ballew, who, on the third of March, eighteen hundred and thirty-seven, commenced suit in the Circuit court of Morgan county, against the plaintiffs in error. The defendants below pleaded several pleas, and among others, the plea of set-off.

By a bill of exceptions, taken on the trial, it appears that the plaintiffs below offered said Ballew, as a witness, to explain the nature of a credit on the back of the instrument, which purported to be a credit for eighty-seven dollars, was entered there without any payment in fact having been made—that it was a memorandum, which was on the back of the paper on which the bond sued on was written before the bond was made, and

Todd & Lacy *vs.* Hardy et al.

no payment was in fact made. To the admission of Ballew as a witness, the defendants below objected, on the ground of interest, but the court permitted him to testify in the cause. There was a verdict and judgment for the plaintiffs below.

The admission of Ballew as a witness, is now assigned for error.

*Hopkins*, for plaintiffs in error.
*McClung*, contra.

ORMOND, J.—It is contended by the counsel for the defendants in error, that as suit was not brought on the bond against the makers, to the first court after the assignment, as the statute requires, in order to charge an endorser on an instrument of this kind, that Ballew was discharged by the laches of the endorsees of the paper, from all liability as endorser, and therefore a competent witness.

This is not correct, although it is true, that a failure to bring suit to the first term, will discharge the endorser from all liability on his contract of endorsement, save in those cases excepted by the statute; yet it is equally clear, there are cases in which he would be liable to the endorsee, although, as in this case, the time within which the suit is required to be brought against the maker, had been suffered to elapse.

If the paper assigned was a forgery, or had been in whole or in part paid, when transferred, and no disclosure made of the fact, but transferred, as if the whole amount were due, there can be no doubt, that in either

case, the endorsee would have a right of action, although suit had not been brought against the maker as the statute requires. The action would not be on the contract of endorsement, but on the deceit.

If, then, Ballew was liable over to the plaintiffs below, no suit having been brought as the statute requires, against the maker, it must have been for the deceit. If, when he transferred the bond, he represented that the whole was due, when in fact it was not, he had a direct interest in establishing it, and would therefore be an incompetent witness.

There is no proof that Ballew did thus represent it. Can we infer that he did, from the mere fact that he endorsed the bond to the defendants in error, and that they brought suit for the whole amount due on the face of the bond. He may have passed it for the small sum due, after deducting the credit, or he may have explained the credit on the back, as he did at the trial, and passed it for the full amount. On the first supposition, it is clear he had no interest, and on the second, his liability would not arise from making such statement, but from making it untruly.

To test this fully, we may suppose that the plaintiffs in error had succeeded in obtaining an off-set for the credit, and that the defendants in error had sued Ballew for the amount thus deducted. On the trial of that case, it is very clear that the record of the former judgment would not be conclusive against Ballew, and that to establish his liability, it would be necessary to prove that he represented the credit on the bond as no payment, and also that his representation was untrue.

Being liable only in this aspect of the case, to render him an incompetent witness, his interest should have been shewn by proof of these facts; this was not done in this case, and he was therefore a competent witness.

The judgment must be affirmed.